# IN THE MATTER OF HONOLULU ELECTRIC COM-
## PANY, LIMITED, A BANKRUPT.

### October 29, 1914.

*Bankruptcy—Review of Referee's finding—Practice:* Where a question of law certified to the court by the referee for review, requires further examination of the relation between a creditor and the bankrupt as a basis of a determination of whether the creditor's claim is entitled to priority, the matter is remanded to the referee: the court will not in such cases determine questions of law in advance of a necessary finding of facts.

*In Bankruptcy:* Question for review on certificate of referee.

*W. T. Carden,* trustee, *pro se (Thompson, Wilder, Milverton & Lymer* with him).

CLEMONS, J. The referee in bankruptcy at Honolulu has certified to a judge of this court the following facts (appearing from the certificate and papers therewith filed), upon which he bases the question hereinbelow set forth:

At the first meeting of creditors, W. H. Stuart presented a claim of $385 "for salary due as manager" of the bankrupt corporation, "being a balance due of $85 for the month

of March, 1914, and the sum of $150 each for the months of April and May, 1914." This claim the predecessor of the present referee approved, allowing $300 as a preferred claim and the balance as an ordinary claim.

At a subsequent meeting of creditors before the present referee, the trustee appeared and opposed the allowance of any part of this claim "as entitled to priority of payment as a claim for wages, on the ground that the president and manager of a corporation, is not such a person as is entitled to priority in the payment of a claim for wages." The former referee was present and testified that he had allowed the sum of $300 as a claim having priority.

The present referee has thereupon rendered decision that such finding of his predecessor is binding upon him; and he certifies to the judge of his opinion the question: "Is the claim of the president and manager of a corporation entitled to priority in the payment of a claim for wages?"

It is clear to me that what is required here, is not the opinion of a judge on the legal question propounded; but, rather, such a reconsideration or re-examination of the claim as is contemplated by the Bankruptcy Act, sec. 57, subdiv. k, and General Order XXI, subdiv. 6. Any opinion of the court at this time would seem to be impracticable. As the case stands, the ruling of the former referee is, as the present referee has held, still in force, and there is in the record submitted nothing new respecting this claim, except an affidavit of the claimant, filed with the referee since the latter meeting of creditors, and showing that while he was "president and manager, the salary paid to him was paid to him as manager only, the office of president being without salary and purely nominal," and "that as said manager he performed the services of a working foreman rather than the services of a manager of the corporation." I am not prepared to hold as a principle of law that because a person may be called "manager" he is not

entitled to make a priority claim, or, on the other hand, that because he is called "working foreman" he is entitled to make such claim. And so, and in any event, inasmuch as justice requires a careful examination of the relation of the claimant to the corporation, the nature of his employment and services, the case should be remanded to the referee for such proceedings as may be desired under the practice above indicated. To state the matter in another way: All we have before us is the trustee's objection to a claim which has been allowed by the former referee and which in the absence of evidence or of something appearing in the record to the contrary, we must presume to have been rightly allowed; and in the face of this presumption and of this want of evidence or appearance of wrong on the record itself, the question propounded is purely academic.

In consideration of the foregoing opinion, the above matter is remanded to the referee for such further proceedings as may be required.